UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **YOSIEL FIGUEROA SANTANA** | **CASE NO. 6:20-CV-01266 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WILLIAM BARR, ET AL** | **MAGISTRATE JUDGE HANNA** |

## **REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Yosiel Figueroa Santana. Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is detained at the LaSalle ICE Processing Center, in Jena, Louisiana. Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) [Rec. Doc. 1].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural History*

Petitioner is a native and citizen of Cuba who applied for admission to the United States at the Pharr Texas Port of Entry on May 23, 2019. (Government Ex.

A, Declaration of Matthew Reaves, rec. doc. 11-1.) On that same date DHS found Petitioner to be inadmissible under section 212(a)(7)(A(i)(I) of the Immigration and Nationality Act ("INA") as an alien who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document or document of entry and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act. *Id.* at ¶ 4. On May 25, 2019, DHS processed the Petitioner for Expedited Removal with a claimed fear of removal. *Id.* at ¶5. On June 19, 2019, the Respondents issued a Notice to Appear alleging a violation of section 212(a)(7)(A(i)(I) of the INA. On October 21, 2019, an Immigration Judge in Oakdale, Louisiana affirmed the finding and ordered the Petitioner to be removed from the United States to Cuba based on the inadmissibility charge. *Id*; see also Government. Ex. B, Oral Decision of the Immigration Judge, rec. doc. 11-2. The removal order became administratively final pursuant to 8 C.F.R. § 1241.1 on April 11, 2020, thirty days (30) following the BIA's decision to affirm the Immigration Judge's ruling. *Id.*

Petitioner has been in custody since May 28, 2019. Rec. Doc. 11-1 at ¶ 5. On April 3, 2020, ERO New Orleans submitted a removal nomination to the ICE International Operations Division who then sent a request for acceptance to the

Government of Cuba. *Id.* at ¶ 7. According to the Government, this is the standard removal procedure for a Cuban citizen. *Id.* However, as of March 25, 2020, because of the COVID-19 epidemic, Cuba notified ICE that charter flights would have to be postponed until a mutually agreeable date. *Id.*

The Respondent represents that once the Cuban Government drops its temporary restrictions for non-essential flights into Cuba in an attempt to restrict the spread of COVID-19, there is no foreseeable impediment to the Petitioner's removal. Rec. Doc. 11, p. 3.

## *Law and Analysis*

Petitioner challenges his detention pending removal. The statute applicable to the detention of aliens under final orders of deportation, 8 U.S.C. § 1231(a)(1(A), and, thus, applicable to Petitioner, provides that the Attorney General has 90 days after an order of removal becomes final in which to effect an alien's removal. Although ICE has 90 days to remove an alien after he is ordered removed under 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that § 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant to *Zadvydas*, detention for up to six months after the removal order becomes final is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.

3

After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. For the detention to remain reasonable, as the period of post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Therefore, detention for six months does not mandate automatic release. At that point, a determination must be made as to whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). In order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, 03-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). In order to shift the burden to the

Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. If the alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).

Santana has failed to show that his situation presents specific circumstances or barriers that establish he likely cannot be removed to Cuba in the reasonably foreseeable future. To the contrary, the fact that the respondents are in receipt of a formal travel document for Petitioner supports the conclusion that Santana does not have individualized barriers that stand in his way of returning to Cuba.

Further, the efforts made by the Government to secure travel documents for Santana and comply with *Zadvydas* must be viewed through the lens of our present world. *See Henry v. Barr*, 2020 U.S. Dist. LEXIS 220142, *10 (N.D. Tex. Oct. 30, 2020). The world is grappling with a COVID-19 pandemic, which has impacted both national and international travel. *Id*. Indeed, the pandemic has delayed essentially everything. *Id*. (citing *See Shah v. Wolf*, 2020 WL 4456530, at *3 (N.D. Tex. July 13, 2020), *rec. adopted*, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020) (denying *Zadvydas* claim despite delay caused by COVID-19; petitioner's arguments that pre-pandemic travel authorization was "obsolete" was supported only

5

by speculation and conjecture and did not suffice to carry his burden); *see also Ramirez v. Searls*, 2020 WL 2748203, at *2 (W.D.N.Y. May 27, 2020) (denying *Zadvydas* claim despite the delay caused by COVID-19 because the Department of Homeland Security was in possession of a travel document and had also indicated that it was planning to remove the petitioner within a month)).

Considering the foregoing, Santana has failed to come forward with evidence suggesting he will not be removed in the reasonably foreseeable future.

Accordingly,

**IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 18th day of February, 2021.

                                            **Patrick J. Hanna**
                                            **United States Magistrate Judge**